**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| FLORIDALMA CORONADO AGUSTIN,<br>*Petitioner*,<br>v.<br>WARDEN ELIZABETH DETENTION FACILITY, *et al.*,<br>*Respondents*. | Civil Action No. 3:26-cv-11533 (MAS)<br>**MEMORANDUM ORDER** |

**SHIPP, District Judge**

**THIS MATTER** having come before the Court upon Petitioner Floridalma Coronado Agustin's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (ECF No. 1); and the Court having entered an Order on September 7, 2026, enjoining Respondents from transferring Petitioner from New Jersey pending further Order of the Court (ECF No. 2); and

**WHEREAS**, Respondents submitted correspondence addressing Petitioner's detention under 8 U.S.C. § 1231(a) (ECF No. 5), and Petitioner submitted a response and supplemental evidence (ECF No. 6); and

**WHEREAS**, the Court thereafter directed Respondents to address, *inter alia*, the statutory basis for Petitioner's current detention under 8 U.S.C. § 1231(a)(6), the effect of Petitioner's prior release under an Order of Supervision and the passage of the removal period, whether Petitioner received the process required following revocation of her release, the factual basis for Respondents' assertion that removal is reasonably foreseeable, and the applicability of *Egharevba*

*v. Benzel*, No. 26-CV-10628, 2026 WL 2655018 (D.N.J. Sept. 9, 2026), and *Santamaria-Mejia v. ICE*, No. 26-CV-07437, 2026 WL 2018107 (D.N.J. July 13, 2026); and

**WHEREAS**, in response, Respondents submitted a supplemental response and documentary evidence addressing, among other things, the asserted mechanism for effectuating Petitioner's removal to Guatemala, including Guatemala's participation in the Electronic Nationality Verification program and Respondents' contention that Petitioner may be removed without obtaining a travel document, as well as ICE's representation concerning the timeframe within which removal could be effectuated if the Court's September 7, 2026 Order is lifted (ECF No. 10); and

**WHEREAS**, the record reflects that an immigration judge granted Petitioner voluntary departure on June 18, 2002, with a departure deadline of October 16, 2002, and that, when Petitioner failed to depart within the voluntary-departure period, the alternate order of removal took effect (ECF No. 5 at 1–2); and

**WHEREAS**, Respondents acknowledge that the mandatory ninety-day removal period under 8 U.S.C. § 1231(a)(1) has expired and that Petitioner was subsequently released from physical custody pursuant to an Order of Supervision, under which she remained outside physical custody until her re-detention on September 4, 2026 (ECF Nos. 5, 8, 10); and

**WHEREAS**, Respondents contend that Petitioner's present detention under 8 U.S.C. § 1231(a)(6) is lawful because Petitioner was most recently taken into immigration custody on September 4, 2026, and therefore has not been detained for six months since her re-detention, which Respondents contend is the presumptively reasonable period discussed in *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001) (ECF No. 8 at 5); and

**WHEREAS**, the six-month period identified in *Zadvydas*, 533 U.S. 678, 701, is a guide for determining whether detention has exceeded the period reasonably necessary to effectuate

removal, rather than an absolute safe harbor from judicial review, and courts have recognized substantial doubt as to whether the six-month presumption applies anew when detention begins years after the entry of a final removal order, particularly following years of supervised release, *see Santamaria-Mejia*, No. 26-CV-07437, 2026 WL 2018107, at *3–5; *Egharevba*, No. 26-CV-10628, 2026 WL 2655018, at *4–6; and

**WHEREAS**, Respondents further represent that Petitioner's removal to Guatemala is significantly likely in the reasonably foreseeable future because Guatemala participates in the Electronic Nationality Verification program, which Respondents assert permits ICE to effectuate Petitioner's removal without obtaining a travel document, and because ICE represents that it can effectuate Petitioner's removal within a reasonably short timeframe if the Court's September 7, 2026 Order is lifted (ECF No. 10); and

**WHEREAS**, those facts demonstrate that a mechanism for removal exists, but the existence of a mechanism for removal is not the same as evidence that Petitioner's removal is significantly likely to occur in the reasonably foreseeable future; and

**WHEREAS**, the record contains no evidence that Petitioner has been assigned to a particular flight, that a particular flight has been identified for her removal, that a date for her removal has been established, or that any Petitioner-specific administrative step has been completed such that she can be placed on a flight upon dissolution of the Court's September 7, 2026 Order; and

**WHEREAS**, Respondents' evidence therefore establishes, at most, that ICE believes it can begin or resume the process of arranging Petitioner's removal if the Court's September 7, 2026 Order is lifted; it does not establish when that process will result in an actual removal; and

**WHEREAS**, this distinction is significant under *Zadvydas*, 533 U.S. at 701, which does not ask merely whether removal is theoretically possible, but whether there is a significant likelihood of removal in the reasonably foreseeable future; and

**WHEREAS**, as detention continues, the relevant period of reasonable foreseeability necessarily becomes increasingly immediate. *See id.* at 701; *see also Egharevba*, No. 26-CV-10628, 2026 WL 2655018, at *6; *W.A.C. v. Rokosky*, 836 F. Supp. 3d 577, 588–89 (D.N.J. 2026); and

**WHEREAS**, the Government's evidence falls short of that standard on the present record; and

**WHEREAS**, recent decisions from this District support the distinction between evidence establishing that a mechanism for removal exists and evidence establishing that removal is significantly likely in the reasonably foreseeable future; and

**WHEREAS**, in *Egharevba v. Benzel*, the Government relied on an ICE declaration representing that, if a transfer restriction were lifted, ICE would remove the petitioner and that removal was likely to occur in the reasonably foreseeable future, yet the court concluded that the Government had not provided sufficient evidence bearing on the foreseeability of removal and that a bare representation that removal would occur was insufficient to justify continued detention. No. 26-CV-10628, 2026 WL 2655018, at *6; and

**WHEREAS**, similarly, in *W.A.C. v. Rokosky*, the court concluded that continued detention violated *Zadvydas* where the Government had not demonstrated that removal was reasonably foreseeable and ordered the petitioner's release. 836 F. Supp. 3d 577, 588–89; and

**WHEREAS**, the Court recognizes that *Zadvydas* does not require Respondents to provide an exact date certain for removal, and the absence of a precise removal date is not, standing alone, dispositive; rather, the absence of a precise date is one circumstance to be considered in

determining whether the record, taken as a whole, demonstrates a significant likelihood of removal within the reasonably foreseeable future; and

**WHEREAS**, here, however, the deficiency is not simply that Respondents cannot identify an exact date. Rather, despite the substantial passage of time since the removal order became effective and the expiration of the mandatory removal period, Respondents have not identified any particular flight, scheduled placement, anticipated removal date, or other concrete event that would bring Petitioner's detention to an end; and

**WHEREAS**, the Court's September 7, 2026, Order does not alter this conclusion. Although Respondents contend that dissolution of that Order would permit ICE to proceed with Petitioner's removal, the Order does not itself prevent Respondents from demonstrating the existence of a concrete and sufficiently imminent removal arrangement. The absence of such evidence therefore cannot be attributed solely to the Court's transfer restriction; and

**WHEREAS**, in light of the substantial passage of time since the removal order became effective, the expiration of the ninety-day removal period, Petitioner's intervening release from physical custody pursuant to an Order of Supervision, and her subsequent re-detention, the Court declines to treat the September 4, 2026, re-detention date, standing alone, as establishing a new presumptively reasonable period of detention; and

**WHEREAS**, the Court concludes, on the present record, that Respondents have not demonstrated a significant likelihood that Petitioner's removal to Guatemala will be effectuated in the reasonably foreseeable future sufficient to justify her continued detention under 8 U.S.C. § 1231(a)(6); and

**WHEREAS**, the Court has considered the parties' submissions and the entire record, including the circumstances of Petitioner's prior release from custody, the substantial passage of

time since the removal order became effective, and Respondents' representations concerning the anticipated timing and manner of Petitioner's removal;

**IT IS** on this 13th day of October 2026, **ORDERED** that Petitioner's Petition for a Writ of Habeas Corpus (ECF No. 1) is **GRANTED** to the extent that Respondents shall release Petitioner from immigration custody, subject to any reasonable conditions of supervision authorized by law, within seven (7) days of entry of this Order;

**ORDERED** that Respondents shall facilitate Petitioner's release and shall advise the Court by e-filed correspondence when release has occurred; and it is further

**ORDERED** that the Court's September 7, 2026, Order (ECF No. 2) shall remain in effect pending further Order of the Court.

**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**